UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Azotic Coating Technology, Inc.,
a Minnesota corporation,

Plaintiff,

vs.

ValueVision Media Inc. d/b/a ShopNBC,
Star Ring, Inc., Serenity Technologies, Inc.,
Grail Innovations and Chuck Clemency,

Defendants.

Civil No. 06-cv-1294 SRN

**Jury Trial Demanded**

---

## SECOND AMENDED COMPLAINT

---

Plaintiff Azotic Coating Technology, Inc. ("Azotic Coating"), for its complaint against Defendants ValueVision Media, Inc. d/b/a ShopNBC ("ShopNBC"), Star Ring, Inc. ("Star Ring"), Serenity Technologies, Inc. ("Serenity"), Grail Innovations ("Grail") and Chuck Clemency ("Clemency"), (collectively the "Defendants"), states and alleges as follows:

### THE PARTIES

1.     Azotic Coating is a Minnesota corporation with its principal place of business at 921 37th Avenue NW, Rochester, Minnesota 55901.

2.     On information and belief, ShopNBC is a Minnesota corporation with its principal place of business at 6740 Shady Oak Road, Eden Prairie, Minnesota 55344.

3. On information and belief, Star Ring is a California corporation with its principal place of business at 9256 Owensmouth Avenue, Chatsworth, California 91311.

4. On information and belief, Serenity is an Oregon corporation with its principal place of business at 19150 SW Leann Court, Aloha, Oregon 97007

5. On information and belief, Grail is a Wisconsin entity.

6. On information and belief, Chuck Clemency is an individual residing in New Jersey.

## JURISDICTION AND VENUE

7. This is an action for patent infringement under Title 35 of the United States Code, tortious interference with prospective contract and business relations, defamation, false statements under the Lanham Act 15 U.S.C. § 1125, deceptive trade practices under Minn. Stat. § 325D.44, and unfair competition. This court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## AZOTIC COATING'S '826 PATENT RIGHTS

8. On December 29, 1998, United States Patent No. 5,853,826, (the "'826 Patent") entitled "Method of Improving the Color of Transparent Materials" was duly and legally issued to Azotic Coating, as the assignee of the inventors Steven F. Starcke, Ronald H. Kearnes, Keven E. Bennet and David A. Edmonson. A true and correct copy of the '826 Patent is attached hereto as Exhibit A.

9. Azotic Coating is the owner of the entire right, title, and interest in and to the '826 Patent and has been and still is the owner thereof.

10. Upon information and belief, Defendants have infringed, and are still infringing, the '826 Patent by making, using, offering for sale or selling coated gemstones.

11. Upon information and belief, Serenity and Grail have infringed, and are still infringing, the '826 Patent by enhancing the appearance of gemstones by coating them as claimed in the '826 Patent.

## AZOTIC COATING'S '014 PATENT RIGHTS

12. On February 14, 2006, United States Patent No. 6,997,014, (the "'014 Patent") entitled "Coatings for Gemstones and Other Decorative Objects" was duly and legally issued to Azotic Coating, as the assignee of the inventors Steven F. Starcke, Ronald H. Kearnes, Keven E. Bennet. A true and correct copy of the '014 Patent is attached hereto as Exhibit B.

13. Azotic Coating is the owner of the entire right, title, and interest in and to the '014 Patent and has been and still is the owner thereof.

14. Upon information and belief, Defendants ShopNBC, Grail, and Serenity have infringed, and are still infringing, the '014 Patent by making, using, offering for sale or selling coated gemstones, including but not limited to the Coronado Topaz gemstone.

## COUNT I
## INFRINGEMENT OF THE '826 PATENT
### (All Defendants)

15. Azotic Coating hereby restates and realleges the allegations set forth in the previous paragraphs and incorporates them by reference.

16. Upon information and belief, Defendants have offered to sell and sold one or more products that infringe the '826 Patent.

17. Upon information and belief, Grail and Serenity have enhanced the appearance of gemstones by coating them as claimed in the '826 Patent.

18. Defendants have directly, indirectly, contributorily and/or by inducement infringed the claims of the '826 Patent in this judicial district and elsewhere in the United States.

19. Azotic Coating has provided ShopNBC, Star Ring, Serenity and Grail with actual notice of the '826 Patent.

20. Upon information and belief, Defendants' infringement of the '826 Patent has been willful and wanton.

21. Defendants' infringement of the '826 Patent has caused damage to Azotic Coating, including irreparable injury, for which Azotic has no adequate remedy of law. Azotic Coating will continue to be damaged in the future unless Defendants are enjoined from infringing the '826 Patent.

**COUNT II**
**INFRINGEMENT OF THE '014 PATENT**
**(ShopNBC, Grail, Serenity)**

22. Azotic Coating hereby restates and realleges the allegations set forth in the previous paragraphs and incorporates them by reference.

23. Upon information and belief, Defendants ShopNBC, Grail and Serenity have offered to sell and sold one or more products that infringe the '014 Patent including but not limited to the Coronado Topaz gemstone.

4

24. Defendants ShopNBC, Grail, and Serenity have directly, indirectly, contributorily and/or by inducement infringed the claims of the '014 Patent in this judicial district and elsewhere in the United States.

25. ShopNBC's, Grail's and Serenity's infringement of the '014 Patent has caused damage to Azotic Coating, including irreparable injury, for which Azotic has no adequate remedy of law.  Azotic Coating will continue to be damaged in the future unless Defendants ShopNBC, Grail, and Serenity are enjoined from infringing the '014 Patent.

### COUNT III
### DEFAMATION
### (Serenity)

26. Azotic Coating repeats and realleges the allegations set forth above as if fully set forth herein.

27. Serenity has posted false statements on its website, linked to at least one document that contains false statements, and emailed such statements to, presumably, its customers and its potential customers.  In particular, Serenity's website states that:  (1) "Serenity has filed a request for re-examination *and invalidation* of Azotic's '826 Patent at the USPTO"; (2) Azotic Coating "filed a *frivolous* lawsuit against the manufacturer and customers of Serenity"; (3) Azotic Coating has "used this tactic to attempt *unfair competition* with Serenity's product that threatens their monopoly of the coated topaz market"; and (4) it is unlikely that Azotic Coating "will be able to proceed with *any action against other potential infringers*" for "*two years or more*."  (emphasis added).

28. The publication of the website, linked letter, and email set forth above were

5

maliciously made and calculated to injure Azotic Coating's business and are thus actionable *per se*.

29. By making the defamatory communications, upon information and belief, Serenity intended, or should have known that, the communications would convey the false impression that, among other things, Azotic Coating is engaged in dishonest and/or illegal conduct. The persons and entities to whom the defamatory matter was communicated understood the words to have such meaning.

30. As a result of Serenity's publication of its website, linked documents, and email, Azotic Coating has been damaged in an amount to be determined at trial.

## COUNT IV
## LANHAM ACT 15 U.S.C. § 1125
**(Serenity)**

31. Azotic Coating repeats and realleges the allegations set forth above as if fully set forth herein.

32. Through its website, linked documents, and email, Serenity made false statements about Azotic Coating in promotional materials directed to customers. In particular, Serenity falsely claimed that: (1) "Serenity has filed a request for re-examination *and invalidation* of Azotic's '826 Patent at the USPTO"; (2) Azotic Coating "filed a *frivolous* lawsuit against the manufacturer and customers of Serenity"; (3) Azotic Coating has "used this tactic to attempt *unfair competition* with Serenity's product that threatens their monopoly of the coated topaz market"; and (4) it is unlikely that Azotic Coating "will be able to proceed with *any action against other potential infringers*" for "*two years or more*." (emphasis added).

33. Serenity's website and email actually deceived or have the tendency to deceive a substantial segment of its audience.

34. The deception created by Serenity's statements is material because it is likely to influence buying decisions.

35. Serenity has caused their falsely advertised goods to enter interstate commerce.

36. Azotic Coating has been injured and will continue to be injured as a result of Serenity's activities either by direct diversion of sales from Serenity to Serenity, or by injuring the goodwill Azotic Coating earned with the buying public.

37. Azotic Coating is suffering irreparable harm and will continue to suffer irreparable harm unless and until Serenity's conduct is enjoined by the Court.

38. Azotic Coating has been damaged because of Serenity's conduct in an amount to be proven at trial.

## COUNT V
## DECEPTIVE TRADE PRACTICES ACT (MINN. STAT. § 325D.44)
**(Serenity)**

39. Azotic Coating repeats and realleges the allegations set forth above as if fully set forth herein.

40. Through its website, linked documents, and email, Serenity made false statements about its products or the products offered by Azotic Coating and Azotic Coating itself in its promotional materials and communications with customers. In particular, Serenity falsely claimed that: (1) "Serenity has filed a request for re-examination *and invalidation* of Azotic's '826 Patent at the USPTO"; (2) Azotic Coating

"filed a *frivolous* lawsuit against the manufacturer and customers of Serenity"; (3) Azotic Coating has "used this tactic to attempt *unfair competition* with Serenity's product that threatens their monopoly of the coated topaz market"; and (4) it is unlikely that Azotic Coating "will be able to proceed with *any action against other potential infringers*" for "*two years or more*." (emphasis added).

41. Serenity's advertisements actually deceived or have the tendency to deceive a substantial segment of its audience.

42. The deception created by Serenity's statements is material because it is likely to influence buying decisions.

43. Serenity's actions constitute business disparagement and violate Minn. Stat. § 325.D.44.

44. On information and belief, Serenity willfully engaged in the above-described trade practices, knowing them to be deceptive.

45. As a result of Serenity's conduct, Azotic Coating is entitled to an injunction and attorneys fees.

### COUNT VI
### TORTIOUS INTERFERENCE WITH PROSPECTIVE
### CONTRACTUAL RELATIONS
### (Serenity)

46. Azotic Coating repeats and realleges the allegations set forth above as if fully set forth herein.

47. Serenity intentionally and improperly interfered with Azotic Coating's prospective contracts with the customers who it sent the email to or that visited its

website by making false statements about Azotic Coating designed to discourage customers from using Azotic Coating.

48. Serenity acted in bad faith. For example, Serenity knew that Azotic Coating's lawsuit was not frivolous as Serenity has not filed a motion to dismiss the lawsuit. In addition, Serenity knew that Azotic Coating's lawsuit was not "unfair competition" as Serenity has not filed a lawsuit for unfair competition against Azotic Coating. Finally, Serenity also knew that its request for a re-examination is not a request for invalidation of the '826 Patent.

49. Serenity's actions harmed Azotic Coating by preventing Azotic Coating from, on information and belief, coating or enhancing gemstones from potential customers who received Serenity's email or visited Serenity's website.

50. Azotic Coating has been damaged by Serenity's actions in an amount to be proven at trial.

## COUNT VII
## UNFAIR COMPETITION
### (Serenity)

51. Azotic Coating repeats and realleges the allegations set forth above as if fully set forth herein.

52. Serenity's actions constitute unfair competition.

53. Azotic Coating has been damaged as a result of Serenity's unfair competition in an amount to be proven at trial.

## DEMAND FOR RELIEF

WHEREFORE, Azotic Coating asks the Court for the following relief:

1. A judgment that ShopNBC, Star Ring, Serenity, Grail and Clemency have infringed the '826 Patent;

2. Preliminary and permanent injunctions enjoining and restraining ShopNBC, Star Ring, Serenity, Grail and Clemency, their officers, directors, agents, servants, employees, attorneys and all others acting under or through ShopNBC, Star Ring, Serenity, Grail and Clemency from directly or indirectly, or inducing or contributing to infringement of the '826 Patent during the remainder of the term for which the Patent has been granted;

3. A judgment that ShopNBC, Serenity and Grail have infringed the '014 Patent;

4. Preliminary and permanent injunctions enjoining and restraining ShopNBC, Serenity and Grail, their officers, directors, agents, servants, employees, attorneys and all others acting under or through ShopNBC, Serenity and Grail from directly or indirectly, or inducing or contributing to infringement of the '014 Patent during the remainder of the term for which the Patent has been granted;

5. A judgment and order requiring ShopNBC, Star Ring, Serenity, Grail and Clemency to pay damages, with prejudgment interest, adequate to compensate Azotic Coating for acts of patent infringement, including increasing the damages to three times the amount found in accordance with 35 U.S.C. § 284;

4.     A judgment and order directing ShopNBC, Star Ring, Serenity, Grail and Clemency to pay the costs of this action (including all disbursements) and reasonable attorneys' fees in accordance with 35 U.S.C. § 285, with interest;

5.     Preliminary and permanent injunctions enjoining and restraining Serenity, its officers, directors, agents, servants, employees, attorneys and all others acting under or through Serenity from claiming that: (1) "Serenity has filed a request for re-examination *and invalidation* of Azotic's '826 Patent at the USPTO"; (2) Azotic Coating "filed a frivolous lawsuit against the manufacturer and customers of Serenity"; (3) Azotic Coating has "used this tactic to attempt unfair competition with Serenity's product that threatens their monopoly of the coated topaz market"; and (4) it is unlikely that Azotic Coating "will be able to proceed with any action against other potential infringers" for "two years or more" and order Serenity to file with this Court and serve on Plaintiff's counsel within fourteen (14) days after entry of the final judgment a report in writing under oath setting forth in detail the manner in which Serenity has complied with the judgment;

6.     Preliminary and permanent injunctions enjoining Serenity, and all persons acting in concert with it from interfering with Azotic Coating's contracts and business relations;

7.     Preliminary and permanent injunctions enjoining Serenity and all persons acting in concert with it from making further false, misleading and defamatory statements about Azotic Coating;

8.     Award Azotic Coating exemplary damages from Serenity as permitted by applicable law;

9.     Award Azotic Coating treble damages and attorneys fees under 15 U.S.C. § 1117(a) from Serenity; and

12.    Award Azotic Coating such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Azotic Coating hereby demands a trial by jury of all issues so triable.


Dated:  October 10, 2006                s/ Darren B. Schwiebert
                                        Cynthia A. Moyer (#211229)
                                        Darren B. Schwiebert (#0260642)
                                        Molly O'Brien Loussaert (#0321230)
                                        FREDRIKSON & BYRON, P.A.
                                        200 Sixth Street South
                                        Suite 4000
                                        Minneapolis, MN 55402-1425
                                        (612) 492-7000
                                        (612) 492-7077 (Fax)

                                        ATTORNEYS FOR PLAINTIFF
                                        AZOTIC COATING TECHNOLOGY, INC.

4084172